IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

        v.

STEVEN R. LAWNICZAK

Criminal No. 15-201

[UNDER SEAL]

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Carolyn J. Bloch, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I.  THE INDICTMENT

A Federal Grand Jury returned a four-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1-2 | Distribution of Material Depicting the Sexual Exploitation of a Minor<br>On or about January 28, 2014 (Count 1)<br>On or about February 18, 2014 (Count 2) | 18 U.S.C. § 2252(a)(2) |
| 3-4 | Possession of Material Depicting the Sexual Exploitation of a Minor<br>On or about March 4, 2014 (Count 3)<br>On or about December 2, 2014 (Count 4) | 18 U.S.C. § 2252(a)(4)(B) |

## II.   ELEMENTS OF THE OFFENSES

As to Counts 1 & 2: Distribution of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. § 2252(a)(2)):

In order for the crime of distribution of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That the defendant knowingly distributed a visual depiction of a minor in interstate or foreign commerce or using an instrument of interstate commerce, by any means including by cellular telephone and computer, or through the United States mail.

Title 18, United States Code, Section 2252(a)(2); United States v. X-Citement Video, 115 S.Ct. 464 (1994); United States v. Gallardo, 915 F.2d 149 (5th Cir. 1990).

2.   That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, and the defendant knew the visual depiction was of a minor.

Title 18, United States Code, Section 2252(a)(2); United States v. McCormick, 675 F.Supp. 223 (M.D. Pa. 1987), United States v. X-Citement Video, 115 S.Ct. 464 (1994).

2

3.   That the visual depiction is of such conduct.

Title 18, United States Code, Section 2252(a)(2)(B).

**As to Counts 3 & 4: Possession of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. § 2252(a)(4)(B)):**

In order for the crime of Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Section 2252(a)(4)(B), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That the defendant knowingly possessed one or more items which contained a visual depiction of a minor engaging in sexually explicit conduct.

Title 18, United States Code, Section 2252(a)(4)(B).

2.   That the item which contained the visual depiction had been mailed, transported or shipped in interstate or foreign commerce, or had been produced using materials which had been mailed or transported or shipped in interstate or foreign commerce.

Title 18, United States Code, Section 2252(a)(4)(B).

3.   That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

Title 18, United States Code, Section 2252(a)(4)(B).

### III.  **PENALTIES**

**As to Counts 1 & 2: Distribution of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. § 2252(a)(2)):**

1.  Imprisonment of not less than five (5) years and not more than twenty (20) years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than 15 years nor more than 40 years;

2.  A fine of $250,000.00, 18 U.S.C. § 3571(b)(3);

3.  A term of supervised release of at least 5 years, and up to life, 18 U.S.C. § 3583(k);

4.  Any or all of the above.

4

**As to Counts 3 & 4:   Possession of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. § 2252(a)(4)(B)):**

1.    Imprisonment of not more than ten (10) years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than 10 years nor more than 20 years;

2.    A fine of $250,000.00, 18 U.S.C. § 3571(b)(3);

3.    A term of supervised release of up to life, 18 U.S.C. § 3583(k);

4.    Any or all of the above.

### IV.   MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V.   RESTITUTION

Restitution may be required in this case as to Counts One through Four, together with any authorized penalty, as part

of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

CAROLYN J. BLOCH
Assistant U.S. Attorney
PA ID No. 53430