**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>vs.                                              )<br>)<br>STEVEN R. LAWNICZAK,              )<br>)<br>            Defendant.                      ) | Criminal No. 15-201<br>Judge Nora Barry Fischer |

## TENTATIVE FINDINGS AND RULINGS

On July 21, 2016, Defendant Steven Lawniczak pled guilty to one count of possession of material depicting the sexual exploitation of a minor on or about December 2, 2014, in violation of 18 U.S.C. § 2251(a)(4)(B), at Count Four of the Indictment at Criminal Number 15-201.

The U.S. Probation Office then prepared a Presentence Investigation Report ("PIR") dated September 15, 2016. (Docket No. 33). Pursuant to the Local Criminal Rules, counsel for the Government and for Defendant each had an opportunity to submit objections to the PIR. On September 30, 2016, the Government filed its Position With Respect to Sentencing Factors, indicating that it had no objections to the PIR but adds that the victim "Angela" has withdrawn her request for restitution. (Docket No. 36). On the same day, Defendant filed his Position With Respect to Sentencing Factors, likewise indicating that he had no objections to the PIR. (Docket No. 37). Defense counsel also advises that she has been notified by attorneys for victims "Casseaopeia" and "Angela" that they have both withdrawn claims for restitution. (*Id.*). Counsel for both parties tell the Court that they are attempting to contact the attorney for the sole remaining victim claiming restitution, "Violet," to determine if the matter can be resolved.

1

(Docket Nos. 36, 37).  The Probation Office filed an Addendum dated October 5, 2016, noting the lack of objections by the parties and explaining that the Probation Officer has no information concerning the remaining request for restitution.  (Docket No. 38).

With respect to the restitution claims, the Court will accept the representations by counsel for the parties that the claims lodged by victims "Casseaopeia" and "Angela" have been withdrawn and ¶ 66 of the PIR will be amended to reflect same.  As to the remaining victim, "Violet," the Court was advised by defense counsel on October 14, 2016 that the attorney for "Violet" has not presently agreed to withdraw the claim for restitution in the amount of $10,000.00 set forth in ¶ 66 of the PIR.  To the extent that this claim is contested, Defendant shall set forth any objections to same in a Sentencing Memorandum pursuant to the deadlines established in the Presentence Order, i.e., by October 28, 2016.  (*See* Docket No. 32).

### I. *Guidelines Calculations*

As no objections have been raised to the guidelines, the Court makes the following guidelines calculations in accordance with the United States Sentencing Guidelines.[1] The Court notes that after the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are merely advisory upon this Court. *See also Gall v. United States*, 552 U.S. 38 (2007); *United States v. Tomko*, 562 F.3d 558 (3d Cir. 2009). The Court tentatively finds the following:

   1. Pursuant to Guideline § 2G2.2(a), Defendant's base offense level is eighteen (18)

---

[1] The Court notes that, pursuant to U.S. Sentencing Guideline § 1B1.11(a), because there is no *ex post facto* issue here, the Court applies the Sentencing Guidelines effective on November 1, 2015.  *See* U.S. Sentencing Guideline § 1B1.11(a) ("The Court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.").

      because he was convicted of one count of possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(4)(B).

2. Pursuant to Guideline § 2G2.2(b)(2), Defendant's base offense level is increased by two (2) levels because the material involved prepubescent minors or minors who had not attained the age of 12 years.

3. Pursuant to Guideline § 2G2.2(b)(3)(F), Defendant's base offense level is increased by two (2) levels because the offense involved distribution not otherwise described in Guideline §§ 2G2.2(b)(3)(A)-(E), i.e., he distributed illegal images to an undercover officer.

4. Pursuant to Guideline § 2G2.2(b)(4), Defendant's base offense level is increased by four (4) levels because the offense involved material that portrayed sadistic or masochistic conduct or other depictions of violence to include bondage, bestiality, and penetration of prepubescent children.

5. Pursuant to Guideline § 2G2.2(b)(6), Defendant's base offense level is increased by two (2) levels because he used a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material or for accessing with intent to view the material.

6. Pursuant to Guideline § 2G2.2(b)(7)(D), Defendant's base offense level is increased by five (5) levels because this case involved 600 or more images.

7. Accordingly, Defendant's adjusted offense level is thirty-three (33).

8. Pursuant to Guideline § 3E1.1(a), Defendant's offense level shall be decreased by

      two (2) levels because Defendant has entered a guilty plea and demonstrated acceptance of responsibility for his criminal conduct.

9. Pursuant to Guideline § 3E1.1(b), Defendant's offense level shall be decreased by an additional one (1) level because Defendant timely notified the Government of his intention to plead guilty.

10. Accordingly, Defendant's total offense level becomes thirty (30).

11. Defendant has three (3) criminal history points, which, pursuant to the Sentencing Table at U.S. Sentencing Guidelines, Chapter 5, Part A, results in a criminal history category of II.

II. *Potential Sentence*

Based on the above guidelines calculations, Defendant is subject to the following imposition of potential sentence:

1. *Statutory Provision for Custody*: Pursuant to 18 U.S.C. § 2252(a)(4)(B) and 18 U.S.C. § 2252(b)(1)(2), the minimum term of imprisonment is ten (10) years, and the maximum term is twenty (20) years.

    *Guideline Provision for Custody*: Pursuant to the U.S. Sentencing Guidelines, Chapter 5, Part A, based on a total offense level of thirty (30) and a criminal history category of II, the advisory guideline range for imprisonment is 108 to 135 months. However, because the statutorily authorized minimum sentence of ten (10) years is greater than the minimum of the otherwise applicable advisory guideline range, the applicable guideline range becomes 120-135 months,

pursuant to § 5G1.1(c)(2).

2. *Impact of Parties' Stipulations:* Pursuant to the parties' stipulations, Defendant pled guilty to Count 4 of the Indictment and agreed to accept responsibility for the conduct charged at Counts 1, 2 and 3. The parties also reached a series of stipulations as to the advisory guidelines range, including: the base offense level is 18; the 2-level enhancement under § 2G2.2(b)(2), (prepubescent minors), applies; the two level enhancement under § 2G2.2(b)(3)(F), (distribution), applies; the 4-level enhancement under § 2G2.2(b)(4), (sadistic or masochistic conduct), applies; the 2-level enhancement under § 2G2.2(b)(6), (use of a computer), applies; the 5-level enhancement under § 2G2.2(b)(7)(D), (more than 600 images), applies; and that 3 levels of reductions under 3E1.1(a) and (b) apply. Based on these stipulations, the total offense level under the plea agreement was 33. Pursuant to Rule 11(c)(1)(C), the parties have stipulated in a plea agreement that the specific sentence to be imposed in this case includes: a term of imprisonment of 120 months, a term of supervised release of not less than 5 years, a special assessment of $100 and any fine to be determined by the Court. The Court will address the parties' plea agreement and the specific sentence at the time and place of sentencing in this case.

3. *Statutory Provision for Supervised Release*: Pursuant to 18 U.S.C. § 3583(k), Defendant is subject to a term of supervised release of not less than five (5) years, to life.

*Guideline Provision for Supervised Release*: Pursuant to Guideline § 5D1.2(b)(2), Defendant is subject to a term of supervised release of not less than five (5) years, to life.

4. *Statutory Provision for Probation*: Pursuant to 18 U.S.C. § 3561(a)(2), Defendant is not eligible for probation because he is subject to a mandatory term of at least ten (10) years' incarceration at Count Four.

   *Guideline Provision for Probation*: Pursuant to Guideline § 5B1.1(b)(2), Defendant is not eligible for probation because he is subject to a mandatory term of at least ten (10) years' incarceration at Count Four.

5. *Statutory Provision for Fine*: Pursuant to 18 U.S.C. § 3571(b), Defendant is subject to a maximum fine of $250,000.

   *Guideline Provision for Fine*: Pursuant to Guideline §§ 5E1.2(c)(3), and 5E1.2(h)(1), the advisory fine range is from $25,000 to $250,000.

6. *Mandatory Special Assessment*: Pursuant to 18 U.S.C. § 3013, Defendant is subject to a mandatory special assessment of $100. The Court notes that the special assessment has not yet been paid.

7. *Statutory Provision for Restitution*: Pursuant to 18 U.S.C. §§ 2559, 3663 and 3663A, restitution shall be ordered.  As noted above, the sole remaining restitution claim is $10,000.00 to the victim "Violet." (PIR at ¶ 66). The claims initially made by victims "Casseaopeia" and "Angela" have been withdrawn, through their respective counsel.

*Guideline Provision for Restitution:* Pursuant to § 5E1.1, restitution shall be ordered.

8. *Forfeiture:* In accordance with the Preliminary Order of Criminal Forfeiture against Defendant entered on October 6, 2016, "all right, title and interest of Steven R. Lawniczak in the following property at asset identification number 16-FBI-004762 are forfeited to the United States pursuant to 18 U.S.C. § 2253(a)(3): a TracFone Wireless, Inc., LG, Model LG139C, Serial Number 401CYUK0246694." (Docket No. 40).

*III. Conclusion*

The Court will receive evidence including testimony and hear argument regarding these tentative findings and rulings as well as any other motions and responses thereto at the time and place of sentencing in this matter presently scheduled for **Thursday, November 10, 2016 at 9:00 a.m**. Pursuant to the Court's Presentence Order (Docket No. 32), any sentencing memoranda shall be filed by **October 28, 2016** and any responses to same shall be filed by **November 3, 2016**.

                *s/ Nora Barry Fischer*
                Nora Barry Fischer
                United States District Judge

Date:     October 14, 2016

cc/ecf:    All counsel of record
           U.S. Probation Office